IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2009 JUL 31  A 10: 30
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LONNIE KENNEDY, | ) |
| | ) |
| PLAINTIFF, | ) CASE NUMBER: 1:09 cv 723 |
| | ) |
| VS. | ) JURY DEMAND |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

1. COMES NOW, the Plaintiff, Lonnie Kennedy, and for his causes of action against the Defendant, alleges as follows:

### Jurisdiction

2. That this action is brought to enforce liability created by the Fair Credit Reporting Act that arose within two years of the filing of this complaint. This Court has jurisdiction. 15 U.S.C. § 1681p.

### Allegations Common to All Counts

3. The Plaintiff is an adult citizen of the United States and of Henry County, Headland, Alabama. That Plaintiff is a "consumer" and beneficiary of the provisions of the Fair Credit Reporting Act Title 15, Section 1681 U.S.C. et.seq.

Page 1 of 8

4.  The Defendant, Equifax Information Services, LLC (hereinafter "Equifax") is an entity doing business in the State of Alabama and doing business in the Middle District of Alabama and is a "consumer reporting agency" within the meaning of Title 15, Section 1681a(f) U.S.C.  Defendant Equifax maintains files on a nationwide basis and is bound by the additional provisions of said statute applying to such national bureaus. That Defendant Equifax has issued reports regarding Plaintiff that constitute consumer reports under said act.  This action is brought to enforce liability created by the Fair Credit Reporting Act that arose within two years of the filing of this complaint.

5.  Equifax employs systems whereby it reports consumers' credit by way of a series of letters and numbers which this Defendant explains to its subscribers.  The said letters and numbers have acquired a meaning in the credit granting industry.

6.  Equifax reported to one or more creditors that Plaintiff had a very substantial balance due on a Citi Mortgage account and smaller balances on Midtown Motors and First Southern Finance. Equifax's report of balances due on said three accounts was inaccurate because the balances were previously discharged in bankruptcy.

7.  That Plaintiff disputed the accuracy and completeness of these accounts with Equifax in writing and provided Equifax with the details of how they had been discharged in bankruptcy.

8.  Equifax, in response to the dispute informed Plaintiff that it had updated the account to report on the Citi Mortgage "included in bankruptcy/included in bankruptcy of

another person" and disclosed to Plaintiff updated zero balances on the other two accounts.

9.     That prior to these events Equifax had been a Defendant in substantial individual and class litigation regarding the inaccurate reporting of discharged debt as owing and was thereby placed on notice that creditors and furnishers were reporting discharged debt as due and were likely doing it in an effort to wrongfully misuse the credit bureaus to coerce the collection of discharged debt.

10.    That Plaintiff, who is disabled, thereafter applied for credit for a travel trailer which was to be his personal residence. Defendant Equifax then issued one or more consumer reports on Plaintiff without employing reasonable procedures in order to ensure the maximum possible accuracy of the report as follows.

11.    Despite the fact that the reporting of balances after bankruptcy has been the topic of major FCRA litigation involving major class actions, and despite the fact that Plaintiff had fully advised Defendant Equifax that the loan was discharged, and despite the fact that Equifax was actually reporting his bankruptcy and had agreed to update the account to reflect bankruptcy, the Defendant Equifax reported a very substantial balance due and a very substantial past due amount on the discharged Citi account as well as balances on the other discharged accounts.

## COUNT I - Negligent Violation of FCRA

12.    Plaintiff, Lonnie Kennedy, adopts and incorporates paragraphs 1 through 11 as if fully set out herein.

13. That Defendant Equifax negligently violated 15 U.S.C. Sec. 1681e(b) in that it failed to have in place procedures to correct and keep corrected discharged balances as alleged in the allegations common to all counts even after having been specifically placed on notice of the error in a consumer dispute and/or it failed to follow reasonable procedures in reporting the discharged debt as owing.

14. That in response to Plaintiff's dispute, Defendant either failed to conduct a reasonable reinvestigation, failed to correct the information after investigation or reinserted a deleted and a very substantial balance not due as well as other smaller balances not due all in violation of 15 U.S.C. Sec. 1681i.

15. That as a direct and proximate result of all of the Defendant's negligence as alleged herein, Plaintiff's credit was reported erroneously in the respects alleged herein to one or more third parties including the Headland National Bank.

16. Further, as a result of the failures of Defendant Equifax that reports on a nationwide basis did not and could not advise the other credit bureaus that report on a nationwide basis pursuant to the system required by 15 U.S.C. Sec. 1681i (5) (D), of the inaccuracies and that such other bureaus' data reported by Citi Mortgage for this same account may have also been erroneous in the same respects, and thus the other bureaus' reports issued after these failures, if they included this information, were also erroneous causing Plaintiff damages caused by their reports.

17. As a result of these failures, Plaintiff's credit standing was and will in the future be damaged and destroyed causing Plaintiff to sustain denials of credit or other adverse action and inconvenience and expense caused by the denials of credit or other adverse action.

18. The Plaintiff sustained severe emotional distress as a result of Defendant's actions, which was a real injury, which caused Plaintiff sleeplessness, anxiety and physical symptoms and caused an aggravation of a pre-existing condition of depression. Further it caused Plaintiff, a disabled veteran, to be foreclosed from buying a necessary travel trailer requiring that he live in substandard conditions thus further emotional distress and further aggravation of his depression.

## COUNT II - Willful Violation of FCRA

19. The Plaintiff, Lonnie Kennedy, adopts and incorporates paragraphs 1 through 18 as if fully set out herein.

20. The Defendant, Equifax, willfully violated 15 U.S.C. Sec. 1681e(b) by issuing one or more consumer reports on Plaintiff with the discharged balances by recklessly disregarding the following:

   a. The high risk of damage exposed by the prior individual and class action litigation and Equifax's notice that creditors were likely using credit reports to illegally collect bankrupt debt;

   b. Plaintiff's written dispute that placed Equifax on actual notice that the large balance on Citi Mortgage, as well as the other balances, were entirely incorrect;

    c.    The damaging nature of the large purportedly outstanding balance of approximately $70,000.00 on the Citi Mortgage account; and,

    d.    The fact that Equifax was also reporting the bankruptcy from public records. Had Equifax employed any such procedures in preparing the reports it would not have reported the balances on these discharged debts.

21. The Defendant, Equifax, willfully violated 15 U.S.C. Sec. 1681i of the Fair Credit Reporting Act in that it received a dispute from Plaintiff placing Equifax on actual notice of the problem of substantial discharged debt reporting on his credit file and it already had the knowledge alleged in the previous paragraph, yet Equifax did little or noting to correct and keep corrected plaintiff's credit file, either by failing to correct the account on reinvestigation or by reinserting the erroneous balance after deletion or correction.

22. The Plaintiff, who is disabled, applied for credit for a travel trailer which was to be his personal residence. Defendant, Equifax, nonetheless issued one or more consumer reports on Plaintiff that were incorrect for the foregoing reasons.

23. That as a direct and proximate result of all of the Defendant's actions as alleged herein, Plaintiff's credit was reported erroneously in the respects alleged herein to one or more third parties including the Headland National Bank.

24. Further, as result of the failures of Defendant, Equifax, ,that reports on a nationwide basis did not and could not advise the other credit bureaus that report on a nationwide basis pursuant to the system required by 15 U.S.C. Sec. 1681i (5) (D), of the

inaccuracies and that such other bureaus' data reported by Citi Mortgage for this same account may have also been erroneous in the same respects, and thus the other bureaus' reports issued after these failures were also erroneous causing plaintiff damages caused by their reports.

25. As a result of these failures, Plaintiff's credit standing was and will in the future be damaged and destroyed causing Plaintiff to sustain denials of credit or other adverse action and inconvenience and expense caused by the denials of credit or other adverse action.

26. The Plaintiff sustained severe emotional distress as a result of Defendants' actions, which was a real injury, which caused Plaintiff sleeplessness, anxiety and physical symptoms and caused an aggravation of a pre-existing condition of depression. Further, it caused Plaintiff, a disabled veteran, to be foreclosed from buying a necessary travel trailer requiring that he live in substandard conditions thus further emotional distress and further aggravation of his depression.

**Prayer for Relief**

WHEREFORE, the Plaintiff, Lonnie Kennedy, prays this Honorable Court enter judgment against the Defendant, Equifax Information Services for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages

d)  Costs and reasonable attorney fees; and,

e)  Such other and further relief that is just.

>Respectfully submitted,
>
>BROCK & STOUT
>
>_____
>David G. Poston, Esq.
>Michael D. Brock, Esq.
>Gary W. Stout, Esq.
>Post Office Drawer 311167
>Enterprise, Alabama 36331
>334-393-4357
>334-393-0026 Facsimile
>Email: christal@circlecitylaw.com